UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent/Plaintiff,<br><br>v.<br><br>MATI SEFO,<br><br>Petitioner/Defendant. | Case No. 3:16-cr-00052-LRH-WGC<br><br>ORDER |

Defendant Mati Sefo moves this Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that Hobbs Act robbery is not a crime of violence in light of *United States v. Davis*, 139 S. Ct. 2319 (2019) ("*Davis*"). ECF No. 37. The Government opposed, arguing that his motion is foreclosed by Ninth Circuit precedent and because his motion is procedurally defaulted and barred by the explicit terms of his plea agreement. ECF No. 39. Accordingly, Sefo replied. ECF No. 40. For the reasons contained within this Order, the Court denies Sefo's motion and denies him a certificate of appealability.

**I.    BACKGROUND**

On August 31, 2016, Sefo was indicted for (1) interference with commerce by robbery ("Hobbs Act Robbery"), in violation of 18 U.S.C. §1951; and (2) use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). ECF No. 1. On March 21, 2017, Sefo pled guilty, pursuant to a written plea agreement, to Count II, in which he admitted the following facts: (1) on August 2, 2016, Sefo robbed the BB Food and Liquor Store at gun point—he pointed a black semi-automatic pistol at the store clerk and demanded money; (2) the clerk

1

complied and Sefo took $325 cash and a pack of Newport cigarettes; (3) Reno Police officers located Sefo within eight minutes of the robbery and Sefo was apprehended after he initially fled from police; (4) when Sefo was searched, officers found a black Ruger .22 long rifle pistol, a pack of Newport cigarettes, and $325 in cash; and (5) BB Food and Liquor is involved in interstate commerce as they order some of their supplies from Core Mark, which is based in Sacramento, California. *See* ECF No. 19 at 4.

On July 10, 2017, the Court sentenced Sefo to 84-months imprisonment, to be followed by five years of supervised release. Sefo filed no direct appeal. On June 22, 2020, Sefo filed the pending section 2255 motion to vacate, set aside, or correct his sentence, in light of *Davis*. ECF No. 37. The Government opposed (ECF No. 39); accordingly, Sefo replied (ECF No. 40). The Court now rules on the pending motion.

## II.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255, a petitioner may file a motion requesting the court which imposed sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Such a motion may be brought on the following grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence "is otherwise subject to collateral attack." *Id.*; *see United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010) (citation omitted). When a petitioner seeks relief pursuant to a right newly recognized by a decision of the United States Supreme Court, a one-year statute of limitations applies. 28 U.S.C. § 2255(f). That one-year limitation period begins to run from "the date on which the right asserted was initially recognized by the Supreme Court." *Id.* § 2255(f)(3).

## III.    DISCUSSION

### A. Sefo's motion is not procedurally barred and he has not waived his right to collaterally attack his conviction and sentence.

The Government argues that Sefo's motion must be denied because (1) he failed to raise the issue on direct appeal; and (2) his plea agreement contains a collateral-attack waiver. ECF No. 39. These arguments are unavailing. First, Sefo is not barred from collaterally attacking his

2

sentence because he failed to do so on direct appeal. Under § 2255(f)(3), he is entitled to challenge his sentence within one year of "the date on which the right [he] assert[s] was *initially* recognized by the Supreme Court." (emphasis added). Courts in this District have previously held that a motion challenging the constitutionality of § 924(c)'s residual clause is not procedurally barred, even when the defendant did not raise the issue on appeal. *See United States v. Bonaparte*, Case No. 2:12-cr-132-JAD-CWH-2, 2017 WL 3159984, at *2 (D. Nev. July 25, 2017) (finding that the defendant's section 2255 motion was not "barred by his collateral-attack waiver or based on its timing."); *United States v. Harrison Johnson*, No. 2:12-cr-00336-JAD-CWH, 2018 WL 3518448, at *2 (D. Nev. July 19, 2018) (same). As Sefo's motion was brought within one year of *Davis*,[1] which held that the residual clause of § 924(c) is unconstitutionally vague, the Court finds his motion is timely.[2]

Second, the Ninth Circuit has held that an appeal waiver in the plea agreement does not bar a defendant's challenge to his sentence based on an unconstitutionally vague statute. *United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016) ("A waiver of appellate rights will also not apply if a defendant's sentence is 'illegal,' which includes a sentence that 'violates the constitution.'").[3] As Sefo argues that his sentence should be vacated because it was based on the now unconstitutionally vague residual clause of § 924(c), his motion is not barred by the plea agreement.

**B. While the residual clause of § 924(c) is unconstitutionally vague, Sefo's sentence is upheld under the "elements" clause of the statute.**

Sefo pled guilty to Count II of the indictment, which charged him with using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). ECF Nos. 1; 33. 18 U.S.C. § 924(c)(1)(A) provides that "any person, who, during and in relation to any crime of violence . . .

---

[1] *Davis* was decided on June 24, 2019 and Sefo's motion was filed on June 22, 2020.

[2] The Court further notes that in *United States v. Gutierrez*, 876 F.3d 1254, 1255-56 (9th Cir. 2017), the defendant did not directly appeal his sentence, but still brought a motion challenging his conviction for brandishing a firearm during a crime of violence. In that case, the Government "did not raise any procedural barriers" for the Court to consider and the Ninth Circuit proceeded directly to the merits of the case.

[3] While the Government argues waiver, it concedes that *Torres* is binding Ninth Circuit precedent that this Court must follow. Nevertheless, it makes this argument to preserve the issue for further appeal. *See* ECF No. 39 at 8 n.1.

1    for which the person may be prosecuted in a court of the United States, uses or carries a firearm,
2    or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment
3    provided for such crime of violence . . . be sentenced to a term of imprisonment" of not less than
4    7 years if the firearm is brandished. The statute further defines "crime of violence" in two ways.
5    The first, by what is known as the "elements" or "force" clause: an offense that is a felony and
6    "has as an element the use, attempted use, or threatened use of physical force against the person
7    or property of another." *Id.* § 924(c)(3)(A). The second, by what is known as the residual clause:
8    an offense that is a felony and "that by its nature, involves substantial risk that physical force
9    against the person or property of another may be used in the course of committing the offense."
10   *Id.* § 924(c)(3)(B). Sefo argues that Hobbs Act robbery is not a crime of violence by its elements,
11   and thus, his sentence under 924(c) could only have arisen under the unconstitutionally vague
12   residual clause. Therefore, he argues it must be vacated.

13         The Court disagrees; it is bound by Ninth Circuit's precedent, *United States v. Dominguez*,
14   954 F.3d 1251 (9th Cir. 2020) and *United States v. Mendez*, 992 F.2d 1488 (9th Cir. 1993), which
15   held that Hobbs Act robbery is categorically a crime of violence under the elements clause. "An
16   offense is categorically a crime of violence only if the least violent form of the offense qualifies
17   as a crime of violence." *Dominguez*, 954 F.3d at 1259. Considering the "fear of injury" provision
18   the least serious way to violate of the Hobbs Act robbery statute, the Ninth Circuit determined that
19   "placing a victim in fear of bodily injury is categorically a crime of violence under the elements
20   clause because it 'requires at least an implicit threat to use the type of violent physical force
21   necessary to meet the *Johnson* standard.'" *Id.* at 1260 (quoting *United States v. Gutierrez*, 876 F.3d
22   1254, 1257 (9th Cir. 2017)). Sefo argues that committing Hobbs Act robbery by causing fear of
23   future injury to property (tangible or intangible) is overly broad to be a crime of violence. However,
24   *Dominquez* directly rejected this argument: the Court concluded that it need not analyze the fear
25   of injury to intangible economic interests because Dominquez failed "to point to any realistic
26   scenario in which a robber could commit Hobbs Act robbery by placing his victim in fear of injury
27   to an intangible economic interest." *Id.* The Court further adopted the Fourth Circuit's reasoning
28   in *United States v. Mathis*, which observed that both the Hobbs Act robbery statute and § 924(c)

4

"reference the use of force or threatened use of force against 'property' generally, without further defining the term 'property,'" and that "neither provision draws any distinction between tangible and intangible property." *Id.* at 1261 (quoting *Mathis*, 932 F.3d 242, 266 (4th Cir. 2019)). Defendant's request that this Court disregard Ninth Circuit precedent, and the precedent of every other circuit court in the country that have also held Hobbs Act robbery is a crime of violence under the elements clause, *id.* at 1260 (collecting cases), must be rejected.

Because Sefo's conviction may be upheld under the elements clause of § 924(c), the Supreme Court's decision in *Davis* does not affect his sentence. While Sefo was not convicted of the predicate offense, he pled guilty and admitted to the elements of the Hobbs Act robbery as part of his plea agreement: (1) on August 2, 2016, Sefo robbed the BB Food and Liquor Store at gun point—he pointed a black semi-automatic pistol at the store clerk and demanded money; (2) the clerk complied and Sefo took $325 in cash and a pack of Newport cigarettes; (3) Reno Police officers located Sefo within eight minutes of the robbery and Sefo was apprehended after he initially fled from police; (4) when Sefo was searched, officers found a black Ruger .22 long rifle pistol, a pack of Newport cigarettes, and $325 in cash; and (5) BB Food and Liquor is involved in interstate commerce as they order some of their supplies from Core Mark, which is based in Sacramento, California. Accordingly, Sefo's conviction and resulting 84-month sentence withstands his constitutional challenge, and his motion to vacate, set aside, or correct his sentence is therefore denied.

### C. Certificate of Appealability

To proceed with an appeal of this Order, Sefo must receive a certificate of appealability from the Court. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006). For the Court to grant a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). And the petitioner bears the burden of demonstrating that the issues are debatable among reasonable jurists; that a court could resolve the issues differently; or that the issues are "adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 483-84 (citation omitted).

As discussed above, Sefo has failed to raise a meritorious challenge to his conviction and sentence under section 924(c)—Hobbs Act robbery is categorically a crime of violence pursuant to the Ninth Circuit's decision in *Dominguez*. As such, the Court finds that he has failed to demonstrate that reasonable jurists would find the Court's assessment of his claims debatable or wrong. *See Allen*, 435 F.3d at 950-951. Therefore, the Court denies Sefo a certificate of appealability.

## IV.   CONCLUSION

IT IS THEREFORE ORDERED that Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 37) is **DENIED.**

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

IT IS FURTHER ORDERED that the Clerk of Court **ENTER** a separate and final Judgment denying Sefo's § 2255 motion. *See Kingsbury v. United States*, 900 F.3d 1147, 1150 (9th Cir. 2018).

IT IS SO ORDERED.

DATED this 17th day of December, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE